IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 3:15-CR-86 |
| v. | ) | |
| | ) | (VARLAN / GUYTON) |
| JON P. ADKINS, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case came before the Court on August 11, 2015, for a scheduled pretrial conference and motion hearing on the Defendant's pending motions. Assistant United States Attorney Caryn L. Hebets appeared on behalf of the Government. Attorney Robert L. Jolley, Jr., represented the Defendant, who was also present. The Court heard argument on the pending motions and scheduled an evidentiary hearing on the Defendant's Motion to Suppress Evidence [Doc. 15] for August 31, 2015, at 1:30 p.m. The Court also requested supplemental briefs from the parties with respect to whether and how McFadden v. United States, 135 S. Ct. 2298 (2015), relates to the Defendant's Motion to Dismiss Count One of the Indictment [Doc. 13]. These supplemental briefs are due on or before August 25, 2015. Each party may file a reply to the other's supplemental brief by September 2, 2015.

The Court first heard argument on the Defendant's Motion to Sample the Drugs Collected by Officers [Doc. 17]. In this motion, the Defendant asks to conduct independent testing on a sample of a substance seized from his home during the execution of a search warrant

1

on January 6, 2015.  The Government did not opposed [Doc. 20] this request but asks the Court to issue a protective order requiring that the Drug Enforcement Administration's recommendations on handling, processing, shipping, and analyzing controlled substances be followed.  At the August 11 hearing, Mr. Jolley stated that he had reviewed the Government's proposed protective order.  He stated that the laboratory that he plans to use for the testing requires three to four weeks to complete the testing and will require .2 grams of the substance.  He asked that the protective order be modified to extend the testing period from ten days to four weeks.  AUSA Hebets stated that she did not object to changing the time frame in the protective order to thirty days.  She stated that she would modify the protective order, show it to Mr. Jolley, and then submit it to the Court by email.  The Court has received the modified protective order, and it was entered on August 11, 2015.

At the end of the August 11 hearing, the Defendant made an oral motion to continue the August 18 trial date in this case.  Mr. Jolley stated that a continuance was necessary in order for the Defendant to receive rulings on his pending motions and to present a defense.  He stated that the Defendant was waiving his speedy trial rights in order to litigate the pending motions.  The Government did not object to the requested continuance and agreed that a trial continuance is necessary in this case.  The parties agreed to a new trial date of January 12, 2015.

The Court finds the Defendant's oral motion to continue the August 18 trial date to be well-taken and that the ends of justice served by granting a continuance outweigh the interest of the Defendant and the public in a speedy trial.  18 U.S.C. § 3161(h)(7)(A).  First, the parties have agreed that the Defendant may conduct independent testing on a substance seized from his home during the execution of a search warrant.  The parties estimate that this testing will take at least thirty days.  Additionally, the Defendant has recently filed three dispositive

motions [Docs. 11, 13, and 15].  See 18 U.S.C. § 3161(h)(1)(D) (excluding time during which a motion is pending).  The Court heard argument on these motions on August 11, 2015.  At that time, the Court requested supplemental briefing from the parties on a Supreme Court case issued on June 18, 2015.  The Court set a deadline of August 25, 2015, for these briefs.  The parties may respond to each other's supplemental briefs on or before September 2, 2015.  The Court also scheduled an evidentiary hearing on the Defendant's suppression motion for August 31, 2015.  This evidentiary hearing and the supplemental briefing had to be scheduled after the current trial date.  The Court finds that it would be a miscarriage of justice to require the Defendant to proceed to trial before the issues raised in his pretrial motions could be resolved.  See 18 U.S.C. § 3161(h)(7)(B)(i).

After the Court hears testimony on the suppression issue and following the receipt of all briefs, the Court will need time, not to exceed thirty days, to prepare a report and recommendation on the dispositive motions.  See 18 U.S.C. § 3161(h)(1)(H) (excluding up to thirty days during which the court has a matter under advisement).  Once the Court files this report, the parties will need time to file any objections and respond to objections to the report.  The District Judge will then need time to consider and rule on the motions in light of the report and objections.  See 18 U.S.C. § 3161(h)(1)(H).  The Court finds that all of this could not take place before the August 18 trial date or in less than five months.  Accordingly, the Court finds that the failure to grant the requested continuance would deny counsel the reasonable time necessary to prepare for trial effectively, taking into account counsels' use of due diligence.  18 U.S.C. § 3161(h)(7)(B)(iv).

The Defendant's oral motion to continue the trial is **GRANTED**, and the trial is reset for **January 12, 2016**.  The Court also finds that all the time between the filing of pretrial

3

motions on July 8, 2015, and the new trial date of January 12, 2016, is fully excludable time under the Speedy Trial Act for the reasons set forth herein. See 18 U.S.C. § 3161(h)(1)(D), -(1)(H), & -(7)(A)-(B). With regard to additional scheduling in this case, the Court instructs the parties that all motions *in limine* must be filed no later than **December 28, 2015**. The deadline for concluding plea negotiations is extended to **December 29, 2015**. Special requests for jury instructions shall be submitted to the District Judge no later than **January 4, 2016**, and shall be supported by citations to authority pursuant to Local Rule 7.4. Finally, the parties are to appear before the undersigned for a final pretrial conference on **January 6, 2015, at 11:00 a.m.**

      Accordingly, it is **ORDERED**:

(1) The Defendant's Motion to Sample the Drugs Collected by Officers [**Doc. 17**] is **GRANTED**. The Defendant may conduct independent testing subject to the requirements and restrictions in the agreed protective order filed on August 11, 2015;

(2) Defendant's oral motion to continue the trial is **GRANTED**;

(3) The trial of this matter is reset to commence on **January 12, 2016**, **at 9:00 a.m.**, before the Honorable Thomas A. Varlan, Chief United States District Judge;

(4) All time between the filing of the pretrial motions on **July 8, 2015**, and the new trial date of **January 12, 2016**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(5) The parties' supplemental briefs are due on or before **August 25, 2015**. The parties may file a reply to the other's supplemental brief by **September 2, 2015**;

(6) The parties are to appear before the undersigned for an evidentiary hearing on the Defendant's suppression motion [Doc. 15] on **August 31, 2015, at 1:30 p.m.**;

(7) Motions *in limine* must be filed no later than **December 28, 2015**;

4

(8) The deadline for concluding plea negotiations is extended to **December 29, 2015**;

(9) Special requests for jury instructions with appropriate citations shall be submitted to the District Court by **January 4, 2015**; and

(10) The parties are to appear before the undersigned for a final pretrial conference on **January 6, 2016, at 11:00 a.m**.

**IT IS SO ORDERED.**

ENTER:

*/s/ Bruce Guyton*
United States Magistrate Judge

5

Case 3:15-cr-00086-TAV-HBG   Document 27   Filed 08/12/15   Page 5 of 5   PageID #: 124